UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22355-CV-SCOLA
MAGISTRATE JUDGE REID

JABARI MATTHEW BAILEY,

    Plaintiff,

v.

MIAMI DADE COUNTY et al.,

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

Plaintiff has filed a second amended complaint ("SAC") pursuant to 42 U.S.C. § 1983. [ECF 11]. The undersigned has screened the SAC under 28 U.S.C. § 1915(e). As discussed below, the SAC should be allowed to proceed in part and dismissed in part.

### I.    Factual Allegations

Plaintiff is a pretrial detainee at Metro West Detention Center ("the Jail"). [*Id.* pp. 2, 4].[1] "Head Chaplain Reverend Martin and Chief Johnson have not allowed Jumu'ah services for around 10 months, continuously." [*Id.* p. 5]. Plaintiff alleges that Jumu'ah involves Friday prayer services. *See* [*id.* pp. 5-6]. Plaintiff further

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

alleges that Jumu'ah is a part of the second pillar of Islam and, with a couple of limited exceptions, "mandatory." *See* [*id.*]

Jumu'ah was being held on an "ongoing" basis until it was discontinued for no reason. *See* [*id.* p. 8]. Reverend Martin refused to allow Jumu'ah services, even though "Muslim Volunteer Chaplain Samad Nissiriana" was available to provide the services. *See* [*id.* p. 7]. The Jail never had a "policy or a memorandum[] stating that Muslims aren't allowed to attend Jumu'ah service." [*Id.* p. 6].

Evidently, plaintiff grieved the Jail's failure to provide Jumu'ah services. *See* [*id.* p. 7]. Chief Johnson stated in his response that "having . . . Chaplain . . . Nissiriana do a five-minute walkthrough once a month is enough for Muslims, instead of [their] mandated hour minimum of service." [*Id.*]. Plaintiff claims no further reasons were provided to support the decision. *See* [*id.*]

Plaintiff names Reverend Martin and Chief Johnson as defendants and sues them in their individual and official capacities. [*Id.* pp. 2-3]. The Clerk named Miami-Dade County as a defendant. Plaintiff asserts claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Free Exercise Clause. [*Id.* p. 4].

Plaintiff seeks compensatory damages in the amount of $2 million. [*Id.* p. 10]. Plaintiff sustained the following injuries: "severe mental anguish, loss of dignity, PTSD, paranoia, fear, anxiety, depression, stress, and timid tendencies[.]" [*Id.*]

Plaintiff also appears to request an injunction requiring the Jail to provide Jumu'ah services. *See generally* [*id.*]

## II. Standard Under 28 U.S.C. § 1915(e)

"[Section] 1915(e) . . . applies to cases in which the plaintiff is proceeding IFP." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se*

prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Nonetheless, under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Legal Analysis

A. <u>RLUIPA</u>

Section 3 of RLUIPA "provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive

means of furthering that compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct. 853, 860 (2015) (citing 42 U.S.C. § 2000cc-1(a)).

Under RLUIPA, plaintiff bears the initial burden of showing that the challenged policy: (1) "implicates his religious exercise"; and (2) "substantially burdened that exercise of religion." *Id.* at 862. Thereafter, the burden shifts to the government to show that the challenged policy "(1) [was] in furtherance of a compelling governmental interest; and (2) [was] the least restrictive means of furthering that compelling governmental interest." *Id.* at 863 (quoting § 2000cc-1(a)). "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (per curiam) (citation omitted).

"Section 3 applies when 'the substantial burden [on religious exercise] is imposed in a program or activity that receives Federal financial assistance,' or 'the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.'" *Cutter v. Wilkinson*, 544 U.S. 709, 715-16 (2005) (quoting § 2000cc-1(b)(1)-(2)). Thus, where "interstate, international, and Indian commerce are not implicated[,]" the plaintiff "must show that the alleged burden on his religious exercise was imposed in a program or activity receiving federal funding." *Barnes v. Carani*, No.

CV 116-015, 2018 WL 703424, at *5 (S.D. Ga. Feb. 2, 2018) (citation omitted), *report and recommendation adopted*, No. CV 116-015, 2018 WL 1082843 (S.D. Ga. Feb. 27, 2018).

Here, plaintiff has failed to state a facially plausible RLUIPA claim against defendants in both their individual and official capacities. Plaintiff's allegations support reasonable inferences that: (1) the discontinuation of Jumu'ah services substantially burdened his exercise of Islam; and (2) he honestly believed that Jumu'ah was important to his exercise of Islam. However, plaintiff's allegations do not plausibly implicate interstate, international, or Indian commerce, and he has not alleged that the discontinuation of Jumu'ah services was imposed in a program or activity receiving federal funding.

Plaintiff has also failed to state a cognizable individual-capacity RLUIPA claim against Reverend Martin and Chief Johnson for monetary damages. *See Hathcock v. Cohen*, 287 F. App'x 793, 798 (11th Cir. 2008) (per curiam) (RLUIPA does not create a private action for monetary damages against prison officials sued in their individual capacity (citing *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007)).

Additionally, plaintiff has not adequately alleged that Reverend Martin and Chief Johnson were acting in their official capacities when they refused to allow Jumu'ah services. Plaintiff expressly alleges that "there never was a policy or a

6

memorandum regarding the discontinuing of Muslim [Jumu'ah] services[.]" [ECF 11, p. 6]. Furthermore, plaintiff has not expressly alleged that these defendants were policymakers for Miami-Dade County, and his allegations do not reasonably support this inference. *See generally Vandiver v. Meriwether Cty., Ga.*, 325 F. Supp. 3d 1321, 1328 (N.D. Ga. 2018) ("Liability based on a county custom or policy [under § 1983] may be established by showing that (1) the municipality's legislative body enacted an 'official policy,' (2) its 'final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure,' or (3) someone with final policymaking authority adopts or ratifies the unconstitutional act or decision of a subordinate." (quoting *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016))).

In sum, plaintiff has failed to state a facially plausible individual-capacity or official-capacity RLUIPA claim against Reverend Martin or Chief Johnson. However, because the claim does not yet appear futile, plaintiff should be given leave to amend *only* his individual-capacity RLUIPA claim against Reverend Martin and Chief Johnson for injunctive relief.

B.   Free Exercise Clause

"[P]risoners retain the right to the free exercise of religion." *United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005) (citing *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000)). But, "[u]nlike the strict standards of scrutiny applicable to

7

the constitutional rights of persons in free society, the Supreme Court has adopted a deferential standard for determining whether a prison regulation violates an inmate's constitutional rights." *Hicks*, 223 F.3d at 1247. "A prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable." *Id.* (citing, *inter alia*, *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Here, plaintiff's allegations support a reasonable inference that the discontinuation of Jumu'ah services substantially burdened his exercise of Islam by "prevent[ing] [him] from performing conduct that [Islam] requires." *See Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 918 (11th Cir. 2015) (per curiam) (citation omitted). Furthermore, he has adequately alleged that defendants' discontinuation of Jumu'ah services was unreasonable. Therefore, plaintiff has stated a facially plausible Free Exercise claim against Reverend Martin and Chief Johnson in their individual capacities for injunctive relief.

However, plaintiff has adequately alleged an entitlement to only nominal damages on his individual-capacity Free Exercise claim. "[A]n incarcerated plaintiff cannot recover . . . compensatory . . . damages for constitutional violations unless he can demonstrate a . . . physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citations omitted). Here, plaintiff has alleged only "mental [and/or] emotional" injury. *See* 42 U.S.C. § 1997e(e); *see also* [ECF 11, p. 10]. Therefore,

plaintiff has not adequately alleged an entitlement to compensatory damages on his individual-capacity Free Exercise claim.

Moreover, plaintiff has not stated a facially plausible official-capacity Free Exercise claim. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.] . . ." *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978). "Such suits against municipal officers are therefore, in actuality, suits directly against the [municipality] that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing cases). Therefore, plaintiff's official-capacity claims against Reverend Martin and Chief Johnson must be treated as claims against Miami-Dade County.

"A municipality may be held liable under § 1983 if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (quoting *Monell*, 436 U.S. at 690-94). "A plaintiff . . . has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (en banc).

Here, as plaintiff acknowledges, there is no official Jail or County policy authorizing the discontinuation of Jumu'ah services. Furthermore, plaintiff has not

alleged an unofficial custom or practice shown through the repeated acts of a final policymaker. Indeed, plaintiff has not adequately alleged that that Reverend Martin or Chief Johnson is a final policymaker for the County. Accordingly, plaintiff has not stated a cognizable *Monell* claim against the County.

## IV. Recommendations

As discussed above, it is recommended that the SAC be allowed to proceed in part and dismissed in part, with the following results:

1. Plaintiff should be allowed to proceed on his individual-capacity Free Exercise claim against Reverend Martin and Chief Johnson for injunctive relief and nominal damages only.

2. Plaintiff's official-capacity Free Exercise claim should be dismissed without leave to amend.

3. Defendant Miami-Dade County should be terminated.

4. Plaintiff's official-capacity RLUIPA claim should be dismissed without leave to amend.

5. Plaintiff's individual-capacity RLUIPA claim against Reverend Martin and Chief Johnson for monetary damages should be dismissed without leave to amend.

6. Plaintiff's individual-capacity RLUIPA claim against Reverend Martin and Chief Johnson for injunctive relief should be dismissed *with* leave to amend. To

this end, the court should order plaintiff to file a third amended complaint by a date certain that cures this claim's deficiencies. The order should provide that the third amended complaint must be filed (i.e., received by the court and docketed) by the date certain and that the court will not use the date on which plaintiff signs the third amended complaint or the date on which he submits it to prison authorities for mailing as the date of filing. Further, the order should provide that plaintiff must not expand the scope of the case by alleging any new claims or parties in the third amended complaint. Additionally, the order should provide that the third amended complaint must be labeled "third amended complaint" and specify Case No. 1:19-cv-22355-RNS so that it will be filed in this case. Finally, the order should provide that, if plaintiff does not timely file a proper third amended complaint, the case will proceed on only plaintiff's individual-capacity Free Exercise claim against Reverend Martin and Chief Johnson for injunctive relief and nominal damages.[2]

SIGNED this 26th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If plaintiff does not wish to file a third amended complaint to attempt to state an individual-capacity RLUIPA claim against Reverend Martin and Chief Johnson for injunctive relief, he may file a short notice to the court stating the same. In this event, the case will proceed on only his individual-capacity Free Exercise claim against Reverend Martin and Chief Johnson for injunctive relief and nominal damages.

Jabari Matthew Bailey
180120372
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178
PRO SE